The People of the State of New York, Respondent,
against
Edgar Gonzalez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Stephen Antignani, J.), rendered December 20, 2016, convicting him, after a nonjury trial, of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Stephen Antignani, J.), rendered December 20, 2016, reversed, on the facts, and as a matter of discretion in the interest of justice, and the accusatory instrument is dismissed.
Defendant's conviction of second-degree harassment was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant asserts that he was justified in punching and kicking defendant because he reasonably believed this was necessary to defend himself against the complainant's use of unlawful physical force (see Penal Law § 35.15[1]). Under the particular circumstances of this case, we find that the People did not disprove this self-defense claim beyond a reasonable doubt (see People v Umali, 10 NY3d 417, 425 [2008], rearg denied 11 NY3d 744 [2008], cert denied 556 US 1110 [2009]; see also Penal Law §§ 25.00[1]; 35.00).
The evidence at trial, including the surveillance video recording of the incident, showed that the complainant was the initial aggressor in this altercation between residents of a Manhattan apartment building. Complainant approached defendant, who was alone, waiting for an elevator in the building lobby. Complainant, while yelling and cursing, began poking defendant with his fingers. Although defendant initially turned away from complainant and refused to engage, complainant continued his aggressive actions. As defendant finally attempted to walk away from the confrontation, complainant poked him on the back of the neck with several fingers, pushing defendant forward. Only then did defendant turn around, and punch and kick complainant, who suffered no injury. 
Defendant could reasonably believe that he could use physical force in the manner that he did to defend himself against complainant's use or imminent use of unlawful physical force (see Penal Law § 35.15[1]; Matter of Y.K., 87 NY2d 430, 434 [1996]). Complainant provoked and escalated the underlying altercation, defendant made several attempts to withdraw, the history [*2]between these individuals included prior hostile and threatening encounters and, significantly, just two days prior to the underlying incident, complainant and his husband spat at and pushed defendant to the ground. Under these circumstances, we find it appropriate to exercise our statutory authority to reverse defendant's conviction of second-degree harassment as against the weight of the evidence and in the interest of justice (see CPL 470.15[3][b],[c]); People v Morgan, 99 AD3d 622 [2012]).
In view of our disposition, we reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 27, 2018